```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

THE UNITED STATES OF AMERICA

                **Hon. Hugh B. Scott**
                09CR79S

       v.

                **Report &
                Recommendation**

Steven D. Blumhagen,
         Defendant.

    Before the Court is the defendant's motion seeking various pretrial relief (Docket No. 6)

## Background

    On March 9, 2009, the Grand Jury issued an indictment charging defendant Steven D. Blumhagen ("Blumhagen") with seven counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 [Counts 1-7], one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §371 [Count 8], and one count alleging forfeiture of various property deemed the proceeds of the alleged fraud and conspiracy [Count 9].

    It is alleged that between November 2001 and May 2005, Blumhagen executed a scheme to defraud various companies and individuals of money. As the owner and President of Financial Acquisitions and Trading, LLC ("FAT"), along with Michael Kujawa and his company West Coast Finance, LLC ("WCF"), Blumhagen (and Kujawa) solicited monies from various companies by promising them that he would assist them in a purported bond offering that would allegedly generate large sums of money which the companies and individuals would receive. The

government asserts that Blumhagen (and Kujawa), with the intent to defraud, falsely informed these companies and individuals that in order to participate in the bond offering they needed to pay "advance fees" or "application fees" which were purportedly necessary to pay attorneys fees or underwriting fees when, in fact, no such advance fees were required to execute a bond offering. Blumhagen (and Kujawa) further told the companies and individuals that if the bond offering did not close, they would receive their money back when he knew this to be false. It is also charged that Blumhagen (and Kujawa), with the intent to defraud, used monies wired to the FAT bank account without using the funds for the purpose for which the investors were told such monies would be used.

Paragraph 6(a) of the Indictment lists numerous wire transactions which are alleged to be "part of the scheme and artifice," many of which date back to 2001 and are beyond the five year statute of limitations relating to wire fraud. See 18 U.S.C. §3282. In paragraph 7, the Indictment lists the respective wire transactions which form the basis of the respective first seven counts. The first such transaction is alleged to have occurred on April 8, 2009 [Count 1], the last on May 4, 2005 [Count 7].

The defendant seeks to dismiss the allegations of wire fraud in paragraph 6 of the indictment which would be barred by the statute of limitations. (Docket No. 6 at ¶ 33). The government contends that the allegations of paragraph 6 are included as evidence of acts in furtherance of the scheme to defraud. (Docket No. 8 at page 16). The Court in United States v. Bruno, 2009 WL 2601249 (N.D.N.Y. 2009), discussed this very issue, holding:

> "A statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but that is relevant to events during the period." Fitzgerald v.

> Henderson, 251 F.3d 345, 365 (2d Cir.2001) (internal citations omitted). ... "The statute of limitations is a defense ..., not a rule of evidence.... [it] has no bearing on the admissibility of evidence ." United States v. Ashdown, 509 F.2d 793, 798 (5th Cir.1975). "[T]he prior act evidence adduced ... went directly to establishing [defendant's] intent, as well as the preparations and plans that went into the scheme to defraud, ... and such evidence is admissible even though it antedates the limitations period." United States v. DeFiore, 720 F.2d 757, 764 (2d Cir.1983) (internal citation omitted). "A suggestion that the evidence is too old goes to its relevance and to its weight. Any question as to the weight to be accorded a relevant document is a matter for the jury." Sir Speedy, Inc. v. L & P Graphics, Inc., 957 F.2d 1033, 1038 (2d Cir.1992).
>
> The substantive mail and wire fraud counts in the indictment are within the statute of limitations. Other conduct that predates the statute of limitations is alleged to have been part of the scheme to defraud. Whether that conduct is ultimately relevant and admissible and whether it will be sufficient to prove the existence of a scheme to defraud are trial issues. There is no violation of the statute of limitations, and Bruno's motion to dismiss on this basis is denied.

Bruno, 2009 WL 2601249 at *4. See also United States v. MacDonald, 1993 WL 369261 (D.Or. 1993)(The court finds, however, that the statute of limitations does not bar allegations of criminal activities that took place outside of the five-year statute of the indictment period); United States v. Musacchio, 968 F.2d 782, 790 (9th Cir.1991)(The statute of limitations does not bar the introduction of evidence of acts that occurred outside the limitations period).

Inasmuch as the allegations in paragraph 6 are not set forth as the basis for any substantive counts in the indictment, the statute of limitations does not bar their inclusion.

At oral argument, the defendant contended that the material was overly prejudicial. A motion to strike surplusage from an Indictment is granted only when the challenged language is not relevant to the crime charged and is inflammatory and prejudicial. United States v. Mulder,

273 F.3d 91, 99-100 (2nd Cir.2001). Evidence that is admissible and relevant to the charge may not be stricken, no matter how prejudicial it may be. United States v. Scarpa, 913 F.2d 993, 1013 (2nd Cir.1990). The Court cannot say, based upon the record, that the allegations set forth in paragraph 6 are not relevant to the charges contained in Counts 1-7. As noted in Bruno, whether that conduct is ultimately relevant and admissible and whether it will be sufficient to prove the existence of a scheme to defraud are trial issues to be determined by the District Court upon a developed record at the time of trial.

It is recommended that the motion to dismiss the allegations based upon the applicable statute of limitations be denied.

## Conclusion

Based on the above, it is recommended that the motion to dismiss the allegations contained in paragraph 6 be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO**

**FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

                                            */s/ Hugh B. Scott*
                                            United States Magistrate Judge
                                            Western District of New York

Buffalo, New York
November 12, 2009