UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                                              **Hon. Hugh B. Scott**
                                              09CR79S

                   v.

                                              **Decision
&
Order**

Steven D. Blumhagen,
                Defendant.

Before the Court is the defendant's motion seeking various pretrial relief (Docket No. 6).[1]

**Background**

On March 9, 2009, the Grand Jury issued an indictment charging defendant Steven D. Blumhagen ("Blumhagen") with seven counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 [Counts 1-7], one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §371 [Count 8], and one count alleging forfeiture of various property deemed the proceeds of the alleged fraud and conspiracy [Count 9].

It is alleged that between November 2001 and May 2005, Blumhagen executed a scheme to defraud various companies and individuals of money. As the owner and President of Financial Acquisitions and Trading, LLC ("FAT"), along with Michael Kujawa and his company West Coast Finance, LLC ("WCF"), Blumhagen (and Kujawa) solicited monies from various

---

[1] To the extent the motion seeks dispositive relief, such requests are the subject of a separate Report & Recommendation.

1

companies by promising them that he would assist them in a purported bond offering that would allegedly generate large sums of money which the companies and individuals would receive. The government asserts that Blumhagen (and Kujawa), with the intent to defraud, falsely informed these companies and individuals that in order to participate in the bond offering they needed to pay "advance fees" or "application fees" which were purportedly necessary to pay attorneys fees or underwriting fees when, in fact, no such advance fees were required to execute a bond offering. Blumhagen (and Kujawa) further told the companies and individuals that if the bond offering did not close, they would receive their money back when he knew this to be false. It is also charged that Blumhagen (and Kujawa), with the intent to defraud, used monies wired to the FAT bank account without using the funds for the purpose for which the investors were told such monies would be used.

**Discovery**

The defendant has set forth a variety of items sought by way of pretrial discovery in this matter. It appears that the government has provided voluntary discovery in this matter. At oral argument, the defendant inquired about the production of several boxes of documents purportedly produced by the defendant to investigators during a meeting at his house. The government has represented that it is unaware of any such documents at this time but would investigate whether such documents exist. The government is directed to investigate whether any such documents were obtained by the government, and if such documents exist, to make them available to the defendant.

## Rule 12 Notice

Pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, the defendant has requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. If government has not already done so, the government is directed to respond to the Rule 12 notice request.

## Bill of Particulars

The defendant seeks a bill of particulars in this case. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a bill of particulars. Bills of particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967).

In the instant case, the government has produced substantial discovery to the defendants. Upon review of the indictment, and upon the discovery and information already provided or promised in this case, the defendant has not demonstrated that further particularization is required to protect him from double jeopardy or to enable him to adequately prepare a defense and avoid surprise at trial.

## Brady and Jencks Material

The defendant seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

4

process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second

5

Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Rule 404 Evidence**

Blumhagen requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use evidence of any such prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

**Requests under Rules 806 and 807**

Pursuant to Rule 807 of the Federal Rules of Evidence, the defendant has requested disclosure of statements, subject to the residual exception of that rule, which the government

intends to use at trial. The government has represented that it is currently unaware of any evidence falling under Rule 807 in this case. (Docket No. 8 at page 13). If the government should determine that it will attempt to introduce such hearsay statements, the government is directed to notify the defendants of such at the time it submits its pretrial memorandum with the District Court.

Pursuant to Rule 806, when a hearsay statement has been admitted, the credibility of the declarant may be attacked. The defendant seeks disclosure, under Brady, of any impeachment material relating to any such declarant who testifies at trial. Such a request is inherent in the previously discussed obligations of the government under <u>Brady</u> and the Jencks Act.

**Preservation of Evidence and Rough Notes**

The defendant has requested the preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve such information.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
November 12, 2009