UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                      **DECISION AND ORDER**
                                                                        09-CR-79S

STEVEN D. BLUMHAGEN,

        Defendants.

1.  Defendant Steven D. Blumhagen is charged in a 9-count indictment with seven counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371; and one forfeiture count seeking a $695,000 money judgment. (Docket No. 1.) On July 1, 2016, this Court issued a Decision and Order denying Blumhagen's Supplemental Pretrial Motion, which sought dismissal of the indictment or particularization. (Docket Nos. 172, 185.) Familiarity with that decision is presumed. Now before this Court is Blumhagen's Motion for Reconsideration, which is denied to the extent it seeks reconsideration of this Court's decision to deny his requests for dismissal of the indictment and particularization, but granted to the extent it seeks a hearing under Kastigar v. United States. 406 U.S. 441, 92 S. Ct. 1653, 32 L. Ed. 2d 212 (1972).

2.  Generally, a district judge may modify pre-trial rulings and interlocutory orders at any time before final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways,

Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

3. The decision whether to grant or deny a motion to reconsider lies in this Court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

4. Upon careful consideration of Blumhagen's motion, this Court finds no basis to revisit or reverse its prior decision denying his current requests for dismissal of the indictment or particularization. Blumhagen simply reargues and reiterates positions that have already been raised and rejected. He does so under the guise that this Court

Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

3. The decision whether to grant or deny a motion to reconsider lies in this Court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

4. Upon careful consideration of Blumhagen's motion, this Court finds no basis to revisit or reverse its prior decision denying his current requests for dismissal of the indictment or particularization. Blumhagen simply reargues and reiterates positions that have already been raised and rejected. He does so under the guise that this Court

"misapprehend[ed] or overlook[ed] [his] arguments and critical facts and controlling doctrine in demonstrable ways." (Docket No. 193.)  The bulk of Blumhagen's submission, however, simply re-states or re-argues the points he made in his initial motion, which are no more persuasive the second time than they were the first.  No doubt Blumhagen takes a different view and is dissatisfied with this Court's decision.  But use of a motion to reconsider as a vehicle to reargue a case is improper.  See Nossek, 1994 WL 688298 at *1; United States v. Chiochvili, 103 F. Supp. 2d 526, 530-31 (N.D.N.Y. 2000) (reargument is not a proper basis for a motion to reconsider); Schonberger, 742 F. Supp. at 119 ("the provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided").  Accordingly, Blumhagen's Motion for Reconsideration of this Court's decision to deny his requests to dismiss the indictment and for particularization is denied.

5. But upon further review of Blumhagen's contentions concerning the government's use of information and documents that may have been obtained under the terms of his plea agreement in the 2003 case,[1] this Court is convinced that a Kastigar hearing is warranted.

6. A defendant raising immunity as a defense "need only show that he testified under a grant of immunity in order to shift to the government the heavy burden of proving that all of the evidence it proposes to use was derived from legitimate independent sources."  Kastigar, 406 U.S. at 461-62.  The government's burden is not limited to "negation of taint;" rather, it must "prove that the evidence it proposes to use is derived

---

[1] United States v. Blumhagen, 03-CR-56S.

from a legitimate source wholly independent of the compelled testimony." Id. at 460.  The government must meet this burden by a preponderance of the evidence and cannot meet it by simply asserting that immunized testimony or information was not used, for example, by submission of a conclusory affidavit.  See United States v. Nanni, 59 F.3d 1425, 1431, 1432 (2d Cir. 1995); see also United States v. Nemes, 555 F.2d 51, 55 (2d Cir. 1977) (noting that neither a mere "assertion that the immunized testimony was not used" nor even proof that the prosecutor "had no direct or indirect access to the grand jury minutes" is sufficient).  In sum, the government cannot simply ask the court (and the defendant) to rely on its good faith.  See United States v. Harloff, 807 F. Supp. 270, 282 (W.D.N.Y. 1992).

7. As the parties are aware, Blumhagen entered a guilty plea in the 2003 case that contained cooperation and immunity provisions.  He then cooperated with the government under the terms of that plea agreement by providing documents and proffering information, both of which occurred before the return of the indictment in this case. Although this Court is aware that the government has repeatedly stated that it did not use any of the immunized information or documents or derivatives thereof in its investigation and prosecution of this case, it has also stated that it does not have a record of what documents it obtained from Blumhagen and what documents it already possessed.  In addition, Blumhagen raises issues concerning a possible change in the government's theory of the case between the initial criminal complaint and the return of the indictment, that in his view, can only be explained by the government having used information gleaned from his immunized proffer.  These circumstances are compounded by the fact that the same case agent who attended Blumhagen's proffer also served as a summary witness in the grand jury post-proffer, and that some members of the prosecution team were

unaware of Blumhagen's proffer or that documents may have been obtained directly from Blumhagen under the terms of his plea agreement. Under these circumstances, this Court finds that a Kastigar hearing is warranted to ensure that immunized information and documents are not used to prosecute Blumhagen.

8. The timing of a Kastigar hearing falls within the court's discretion, though the practice in the Second Circuit is to hold Kastigar hearings after trial. See, e.g., United States v. Conti, 160 F. Supp. 3d 684, 687 (S.D.N.Y. 2016) (citing United States v. Volpe, 42 F. Supp. 2d 204, 219 (E.D.N.Y. 1999) ("While the court has discretion to hold the hearing before, during, or after the trial . . . it is the general practice in this circuit to defer such a hearing until after trial."). In this case, however, this Court finds it most expeditious to proceed with a pre-trial Kastigar hearing for several reasons. See Nanni, 59 F.3d at 1430 (involving pre-trial Kastigar hearing) First, Blumhagen's counsel has expressed concern that he may not be prepared to proceed to trial on May 23, 2017, as scheduled. Proceeding first with the Kastigar hearing on May 23, 2017, rather than trial will allow this older case to continue moving forward while also providing defense counsel more time to prepare for trial. Second, a pre-trial resolve of all Kastigar issues may affect the parties' plea postures. And finally, pre-trial resolution of the Kastigar issues may streamline or shorten the trial, thereby conserving judicial resources. Consequently, this Court finds that a pre-trial Kastigar hearing is warranted.

IT HEREBY IS ORDERED, that Defendants' Motion for Reconsideration (Docket No. 193) is GRANTED in part and DENIED in part, as set forth above.

FURTHER, that the May 23, 2017 trial date is now CONVERTED to a <u>Kastigar</u> hearing.

FURTHER, that the trial of this matter is ADJOURNED generally.

SO ORDERED.

Dated: April 5, 2017
      Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Court
